# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT LAWWILL, | ) | CASE NO: 1:08-cv-02840 |
| | ) | |
| Plaintiff, | ) | JUDGE NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | NANCY A. VECCHIARELLI |
| SAM TAMBI, | ) | |
| | ) | |
| Defendant. | ) | **REPORT & RECOMMENDATION** |

This matter is before the undersigned Magistrate Judge pursuant to Local Rule 72.2. Petitioner, Robert Lawwill, ("Lawwill"), challenges the constitutionality of his conviction in the case of *State v. Lawwill*, Case No. CR 474218, Cuyahoga County, Ohio Court of Common Pleas. Lawwill filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on December 3, 2008 in the United States District Court for the Northern District of Ohio. (Doc. 1.) For the reasons set forth below, the instant action should be stayed pending the exhaustion of Ground Three upon the condition that Lawwill file the decision of the Ohio Supreme Court resolving his ongoing appeal within 30 days of entry of final journalization. In addition, Respondent should be directed to file a Return of Writ addressing the merits of Lawwill's petition, as well as providing copies of all Ohio Supreme Court documents pertinent to Ground Three,

within 30 days of entry of final journalization.[1]

## I. PROCEDURAL HISTORY

### A. State Conviction

The Cuyahoga County, Ohio Grand Jury indicted Lawwill on eight counts of Gross Sexual Imposition in violation of Ohio Revised Code § 2907.05 and eight counts of Kidnapping in violation of O.R.C. § 2905.01 with sexual motivation specifications. (Exhibit 1, Case No. CR474218.)   Lawwill pled not guilty to the charges in the indictment. (Exhibit 2.)

On December 28, 2005, Lawwill filed a motion to dismiss duplicitous counts. (Exhibit 3.)  The State opposed the motion. (Exhibit 4.)  On February 14, 2006, the trial court denied the motion to dismiss. (Exhibit 5.)   The case proceeded to a jury trial and the jury found Lawwill guilty of all eight counts of gross sexual imposition, but acquitted Lawwill on all kidnapping counts. (Exhibit 6.)

On May 11, 2006, the trial court sentenced Lawwill to an aggregate term of nine years incarceration, which included three years each of counts 1 through 8.  Counts 1, 2, and 3 were to run consecutively to each other and counts 4 through 8 were to run concurrently to each other and concurrently to counts 1, 2, and 3. (Exhibit 7.)

### B. Direct Appeal

Lawwill filed a timely, *pro se*, notice of appeal to the Eighth District Court of Appeals, Cuyahoga County on June 2, 2006. (Exhibit 8, Case No. CA 06 088251.)   In his brief, now represented by attorney Brett M. Mancino, Lawwill presented the following

---

[1] No extensions should be expected as this matter has been pending for several months and respondent has had ample time to compile the record.

assignments of error, in addition to eight other assignments of error not relevant to the instant action:

> THE DEFENDANT-APPELLANT WAS DENIED DUE PROCESS OF LAW UNDER THE FOURTH, FIFTH, SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND THE RIGHT TO BE PROTECTED FROM DOUBLE JEOPARDY WHEN THE TRIAL COURT FAILED TO DISMISS THE DUPLICITOUS INDICTMENT AND FAILED TO ISSUE A FINDINGS OF FACT AND CONCLUSIONS OF LAW.
>
> * * *
>
> THE DEFENDANT-APPELLANT WAS DENIED DUE PROCESS OF LAW WHEN THE TRIAL COURT OVERRULED THE MOTION FOR MISTRIAL AFTER A JUROR DELIBERATELY CONCEALED THE FACT THAT SHE WAS FAMILIAR WITH THE INVESTIGATING DETECTIVE IN THE CASE BECAUSE HER DAUGHTER WAS A SEXUAL ABUSE VICTIM, EVEN THOUGH SHE SPECIFICALLY DENIED BEING FAMILIAR WITH THE DETECTIVE DURING VOIR DIRE.

(Exhibit 9.) The State filed its brief on January 3, 2007. (Exhibit 10.)

In a journal entry and opinion issued on May 31, 2007 and journalized on July 2, 2007, the Eighth District Court of Appeals affirmed Lawwill's conviction but remanded the case for resentencing consistent with pre-S.B. 2 laws. (Exhibit 11.) Lawwill filed a motion for reconsideration and a motion for rehearing *en banc*. The court denied the motion for reconsideration as not well taken and the motion for rehearing *en banc* as not available to individual parties on July 17, 2007. (Exhibits 12 & 13.)

On August 13, 2007, Lawwill timely appealed to the Ohio Supreme Court. (Exhibit 14, Case No. 2007-1504.) In his memorandum in support of jurisdiction, Lawwill presented the following propositions of law[2]:

> A DEFENDANT IS DENIED DUE PROCESS OF LAW UNDER THE FIFTH,

---

[2]Lawwill presented an additional proposition of law not relevant to the instant action.

> SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION WHEN HE IS NOT PROVIDED WITH SUFFICIENT NOTICE OF THE CHARGES AGAINST WHICH HE IS TO DEFEND HIMSELF AND THE RIGHT TO BE PROTECTED FROM DOUBLE JEOPARDY WHEN THE TRIAL COURT FAILS TO DISMISS DUPLICATIVE INDICTMENT THAT RESULTS IN CONVICTIONS FOR IDENTICAL CHARGES.
>
> A DEFENDANT IS DENIED DUE PROCESS OF LAW WHEN A TRIAL COURT OVERRULES A MOTION FOR MISTRIAL AFTER A JUROR DELIBERATELY CONCEALS IN VOIR DIRE THE FACT THAT SHE IS FAMILIAR WITH THE INVESTIGATING DETECTIVE IN THE CASE BECAUSE HER DAUGHTER WAS A SEXUAL ABUSE VICTIM.

(Exhibit 15.) The State filed a memorandum in response. (Exhibit 16.)

On December 12, 2007, the Ohio Supreme Court issued an entry denying leave to appeal and dismissing the appeal as not involving any substantial constitutional question. (Exhibit 17.)

### C. Resentencing

On January 17, 2008, the trial court resentenced Lawwill in accordance with the Court of Appeals' remand to an aggregate term of nine years incarceration, and filed the entry on January 23, 2008. (Exhibits 18 and 27.) In addition, Lawwill was classified as a Tier II Offender. (Exhibit 19.)

Lawwill, still represented by attorney Brett M. Mancino, filed a timely notice of appeal to the Eighth District of Appeals on February 14, 2008. (Exhibit 20, Case No. CA 08 091032.) In his brief, Lawwill presented the following assignment of error[3]:

> LAWWILL WAS DENIED HIS RIGHT TO A JURY TRIAL UNDER SECTIONS 5 AND 10 OF THE OHIO CONSTITUTION AND THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION WHEN THE TRIAL COURT, AND NOT THE JURY, MADE FACTUAL FINDINGS RELATIVE TO HIS

---

[3] Lawwill raised two other assignments of error not relevant to the instant action.

GUILT OR INNOCENCE.

(Exhibit 21.) The State filed its brief on June 9, 2008. (Exhibit 22.) The Court ruled that Assignment of Error Two lacked merit because the trial court had authority to sentence as it did based upon the Court of Appeals' mandate and affirmed the judgment of the trial court. (Exhibit 26.)

On April 1, 2009, Lawwill timely filed notice of appeal and a memorandum in support of jurisdiction with the Ohio Supreme Court.[4] On May 1, 2009, Respondent filed a memorandum in response. The Ohio Supreme Court has yet to issue a decision.

### D. Federal Habeas Corpus

Lawwill is now before this Court, on a petition filed on December 3, 2008 and seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He asserts the following grounds for relief:

> GROUND ONE: A DEFENDANT IS DENIED DUE PROCESS OF LAW UNDER THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION WHEN HE IS NOT PROVIDED WITH SUFFICIENT NOTICE OF THE CHARGES AGAINST WHICH HE IS TO DEFEND HIMSELF AND THE RIGHT TO BE PROTECTED FROM DOUBLE JEOPARDY WHEN THE TRIAL COURT FAILS TO DISMISS DUPLICATIVE INDICTMENT THAT RESULT IN CONVICTIONS FOR IDENTICAL CHARGES.
>
> Supporting FACTS: Eight identical counts in the indictment all stated the following: Lawwill was convicted on eight identical counts of Gross Sexual Imposition (all third degree felonies) (R.C. §2907.05) alleging that the acts occurred between December 28, 1992 to December 27, 1999. This timeframe covered Pre- and Post-S.B. 2 statutes. The Pre-S.B. 2 sentencing statute

---

[4]At the time Respondent filed the Return of Writ in the instant action, Lawwill had not filed a notice of appeal with the Ohio Supreme Court. This Court takes judicial notice of the Ohio Supreme Court docket.

provided for a penalty of one (1), one and one-half (1 ½) or two (2) years imprisonment. See, R.C. §2929.14. The Post-S.B. 2 sentencing statute provided for 1-5 years imprisonment. See, R.C. §2929.14 (Law effective after July 1, 1996). Lawwill was sentenced to three years on each of the eight counts with Counts 1, 2, and 3 to run consecutive to each other for a total term of imprisonment of (9) nine years

GROUND TWO: A DEFENDANT IS DENIED DUE PROCESS OF LAW WHEN A TRIAL COURT OVERRULES A MOTION FOR MISTRIAL AFTER A JUROR DELIBERATELY CONCEALS IN VOIR DIRE THE FACT THAT SHE IS FAMILIAR WITH THE INVESTIGATING DETECTIVE IN THE CASE BECAUSE HER DAUGHTER WAS A SEXUAL ABUSE VICTIM.

Supporting FACTS: Juror in voir dire denied knowing any participants in the trial including the lead detective in the case. During deliberations, however, the juror revealed that she was familiar with the lead detective in the case because he had investigated a sexual abuse claim brought by her daughter.

GROUND THREE: A TRIAL COURT MAY NOT MAKE A FACTUAL DETERMINATION AS TO WHICH ACTS IN THE INDICTMENT OCCURRED PRIOR TO JULY 1, 1996 AND WHICH ACTS IN THE INDICTMENT OCCURRED AFTER JULY 1, 1996.

Supporting FACTS: During the time frame presented in the indictment in this case, the criminal sentencing law in the State of Ohio changed. After July 1, 1996, the penalties for third degree felonies became more severe. The Court of Appeals on direct appeal, remanded the case for re-sentencing directing the trial court to make factual determinations as to when the crimes in the indictment took place. No jury determination was made as to when the alleged crimes and the charges in the indictment took place.

(Petition, Doc. 1.)

## II.   Request for Stay and Abeyance

In the Return of Writ, the Respondent suggests that a stay and abeyance may be appropriate in the instant action because Ground Three is not exhausted.

A state prisoner must exhaust all available state remedies or have no remaining state remedies available prior to seeking review of a conviction via federal habeas corpus. 28 U.S.C. § 2254(b) and (c); *Castillo v. Peoples*, 489 U.S. 346, 349 (1989);

*Riggins v. Macklin*, 936 F.2d 790, 793 (6th Cir. 1991). If any state procedures for relief remain available, the petitioner has not exhausted state remedies. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The exhaustion requirement is properly satisfied when the highest court in the state in which petitioner was convicted has been given a full and fair opportunity to rule on all the petitioner's claims. *Manning v. Alexander*, 912 F.2d 878, 881-83 (6th Cir. 1990).

Currently, Lawwill's third ground for relief is before the Ohio Supreme Court in *State of Ohio v. Robert Lawwill*, Case No. 2009-0596 and no decision has been rendered. Because the highest court in the state has not filed a decision on this ground, Lawwill has not yet exhausted state remedies with regard to Ground Three. However, the Ohio Supreme Court has previously ruled on Grounds One and Two and these grounds are exhausted.

Lawwill's petition, therefore, contains unexhausted and exhausted claims and is a "mixed" petition. When a petition contains exhausted and unexhausted claims, a court may stay the exhausted claims and dismiss the unexhausted claims to allow the petitioner to exhaust any available state court remedies. *Rhines v. Weber*, 544 U.S. 269 (2005); *see also Hargrove v. Brigano*, 300 F.3d 717, 720-21 (6th Cir. 2002). A district court contemplating stay and abeyance orders should stay the mixed petition pending prompt exhaustion of state remedies if: (1) good cause exists for the petitioner's failure to exhaust; (2) the petitioner's unexhausted claims are not "plainly meritless" and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Rhines*, 544 U.S. at 278. If the district court determines that a stay is inappropriate, it must allow the petitioner to delete the unexhausted claims from

his petition, especially in circumstances in which dismissal of the entire petition without prejudice would unreasonably impair the petitioner's right to obtain federal relief. *See Banks v. Jackson*, 149 Fed. Appx. 414 (6th Cir. 2005) (unpublished).

The present case falls within the category of cases contemplated by *Rhines*. The one-year statute of limitations has now expired for Grounds One and Two,[5] so dismissal of this case without prejudice to allow exhaustion would effectively preclude Lawwill from returning to federal court on his claims after exhausting state remedies.

In addition, Lawwill meets the criteria set forth in *Rhines*. First, he has good cause for his failure to exhaust. Specifically, he is awaiting a ruling from the Ohio Supreme Court. Second, Lawwill's claims do not appear to be plainly meritless. Finally, no evidence exists that Lawwill has engaged in any dilatory tactics. Rather, he has pursued timely appeal regarding all his claims.

Thus, the stay and abeyance should be granted upon the condition that Lawwill file the decision of the Ohio Supreme Court resolving his ongoing appeal within 30 days of entry of final journalization. In addition, Respondent should be directed to file a Return of Writ addressing the merits of Lawwill's petition, as well as providing copies of all Ohio Supreme Court documents pertinent to Ground Three, within 30 days of entry

---

[5] Pursuant to 28 U.S.C. § 2244(d)(1)(A), Lawwill's conviction and original sentence became final on March 12, 2008 – 90 days after the Ohio Supreme Court declined to review his case on direct appeal. Although resentencing restarts AEDPA's statute of limitations as to claims arising from the resentencing itself, it does not restart the clock for claims arising from the underlying conviction. *See Bachman v. Bagley*, 487 F.3d 979, 984 (6th Cir. 2007). Therefore, Lawwill had one year from March 12, 2008 to file his federal habeas petition as to the claims presented in his first direct appeal.

Grounds One and Two arise from his conviction, not his resentencing. Lawwill timely filed his habeas petition alleging these grounds for relief on December 3, 2008.

of final journalization.

### III. CONCLUSION

For the forgoing reasons, the stay and abeyance should be granted upon condition that Lawwill file the decision of the Ohio Supreme Court resolving his ongoing appeal within 30 days of entry of final journalization. In addition, Respondent should be directed to file a Return of Writ addressing the merits of Lawwill's petition, as well as providing copies of all Ohio Supreme Court documents pertinent to Ground Three, within 30 days of entry of final journalization.


Date: June 3, 2009                  s/ *Nancy A. Vecchiarelli*
                                                             United States Magistrate Judge


### **OBJECTIONS**

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days after the party objecting has been serve d with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied,* 474 U.S. 1111.**