**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **ROBERT LAWWILL,** | ) | **CASE NO. 1:08 CV 2840** |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| | ) | **Magistrate Judge Nancy A. Vecchiarelli** |
| | ) | |
| **SAM TAMBI,** | ) | <u>**MEMORANDUM OPINION**</u> |
| | ) | |
| Respondent. | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Nancy A. Vecchiarelli. (Docket #9.) The Magistrate Judge recommends that a stay and abeyance be granted on the conditions set forth below.

**Procedural History**

As set forth by the Magistrate Judge, the procedural history of this case is as follows:

**A. State Conviction**

The Cuyahoga County, Ohio Grand Jury indicted Lawwill on eight counts of Gross Sexual Imposition in violation of Ohio Revised Code § 2907.05 and eight counts of Kidnapping in violation of O.R.C. § 2905.01 with sexual motivation specifications. (Exhibit 1, Case No. CR474218.) Lawwill pled not guilty to the charges in the indictment. (Exhibit 2.)

On December 28, 2005, Lawwill filed a motion to dismiss duplicitous counts. (Exhibit 3.) The State opposed the motion. (Exhibit 4.) On February 14, 2006, the trial court denied the motion to dismiss. (Exhibit 5.) The case

proceeded to a jury trial and the jury found Lawwill guilty of all eight counts of gross sexual imposition, but acquitted Lawwill on all kidnapping counts. (Exhibit 6.)

On May 11, 2006, the trial court sentenced Lawwill to an aggregate term of nine years incarceration, which included three years each of counts 1 through 8. Counts 1, 2, and 3 were to run consecutively to each other and counts 4 through 8 were to run concurrently to each other and concurrently to counts 1, 2, and 3. (Exhibit 7.)

### B. Direct Appeal

Lawwill filed a timely, *pro se*, notice of appeal to the Eighth District Court of Appeals, Cuyahoga County on June 2, 2006. (Exhibit 8, Case No. CA 06 088251.) In his brief, now represented by attorney Brett M. Mancino, Lawwill presented the following assignments of error, in addition to eight other assignments of error not relevant to the instant action:

> THE DEFENDANT-APPELLANT WAS DENIED DUE PROCESS OF LAW UNDER THE FOURTH, FIFTH, SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND THE RIGHT TO BE PROTECTED FROM DOUBLE JEOPARDY WHEN THE TRIAL COURT FAILED TO DISMISS THE DUPLICITOUS INDICTMENT AND FAILED TO ISSUE A FINDINGS OF FACT AND CONCLUSIONS OF LAW.
>
> * * *
>
> THE DEFENDANT-APPELLANT WAS DENIED DUE PROCESS OF LAW WHEN THE TRIAL COURT OVERRULED THE MOTION FOR MISTRIAL AFTER A JUROR DELIBERATELY CONCEALED THE FACT THAT SHE WAS FAMILIAR WITH THE INVESTIGATING DETECTIVE IN THE CASE BECAUSE HER DAUGHTER WAS A SEXUAL ABUSE VICTIM, EVEN THOUGH SHE SPECIFICALLY DENIED BEING FAMILIAR WITH THE DETECTIVE DURING VOIR DIRE.

(Exhibit 9.) The State filed its brief on January 3, 2007. (Exhibit 10.)

In a journal entry and opinion issued on May 31, 2007 and journalized on July 2, 2007, the Eighth District Court of Appeals affirmed Lawwill's conviction but remanded the case for resentencing consistent with pre-S.B. 2 laws. (Exhibit 11.) Lawwill filed a motion for reconsideration and

a motion for rehearing *en banc*. The court denied the motion for reconsideration as not well taken and the motion for rehearing *en banc* as not available to individual parties on July 17, 2007. (Exhibits 12 & 13.)

On August 13, 2007, Lawwill timely appealed to the Ohio Supreme Court. (Exhibit 14, Case No. 2007-1504.) In his memorandum in support of jurisdiction, Lawwill presented the following propositions of law:

> A DEFENDANT IS DENIED DUE PROCESS OF LAW UNDER THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION WHEN HE IS NOT PROVIDED WITH SUFFICIENT NOTICE OF THE CHARGES AGAINST WHICH HE IS TO DEFEND HIMSELF AND THE RIGHT TO BE PROTECTED FROM DOUBLE JEOPARDY WHEN THE TRIAL COURT FAILS TO DISMISS DUPLICATIVE INDICTMENT THAT RESULTS IN CONVICTIONS FOR IDENTICAL CHARGES.
>
> A DEFENDANT IS DENIED DUE PROCESS OF LAW WHEN A TRIAL COURT OVERRULES A MOTION FOR MISTRIAL AFTER A JUROR DELIBERATELY CONCEALS IN VOIR DIRE THE FACT THAT SHE IS FAMILIAR WITH THE INVESTIGATING DETECTIVE IN THE CASE BECAUSE HER DAUGHTER WAS A SEXUAL ABUSE VICTIM.

(Exhibit 15.) The State filed a memorandum in response. (Exhibit 16.)

On December 12, 2007, the Ohio Supreme Court issued an entry denying leave to appeal and dismissing the appeal as not involving any substantial constitutional question. (Exhibit 17.)

### C. Resentencing

On January 17, 2008, the trial court resentenced Lawwill in accordance with the Court of Appeals' remand to an aggregate term of nine years incarceration, and filed the entry on January 23, 2008. (Exhibits 18 and 27.) In addition, Lawwill was classified as a Tier II Offender. (Exhibit 19.)

Lawwill, still represented by attorney Brett M. Mancino, filed a timely notice of appeal to the Eighth District of Appeals on February 14, 2008. (Exhibit 20, Case No. CA 08 091032.) In his brief, Lawwill presented the following assignment of error:

> LAWWILL WAS DENIED HIS RIGHT TO A JURY TRIAL UNDER SECTIONS 5 AND 10 OF THE OHIO CONSTITUTION AND THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION WHEN THE TRIAL COURT, AND NOT THE JURY, MADE FACTUAL FINDINGS RELATIVE TO HIS GUILT OR INNOCENCE.

(Exhibit 21.) The State filed its brief on June 9, 2008. (Exhibit 22.) The Court ruled that Assignment of Error Two lacked merit because the trial court had authority to sentence as it did based upon the Court of Appeals' mandate and affirmed the judgment of the trial court. (Exhibit 26.)

On April 1, 2009, Lawwill timely filed notice of appeal and a memorandum in support of jurisdiction with the Ohio Supreme Court. On May 1, 2009, Respondent filed a memorandum in response. The Ohio Supreme Court has yet to issue a decision.

### D. Federal Habeas Corpus

Lawwill is now before this Court, on a petition filed on December 3, 2008 and seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He asserts the following grounds for relief:

> GROUND ONE: A DEFENDANT IS DENIED DUE PROCESS OF LAW UNDER THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION WHEN HE IS NOT PROVIDED WITH SUFFICIENT NOTICE OF THE CHARGES AGAINST WHICH HE IS TO DEFEND HIMSELF AND THE RIGHT TO BE PROTECTED FROM DOUBLE JEOPARDY WHEN THE TRIAL COURT FAILS TO DISMISS DUPLICATIVE INDICTMENT THAT RESULT IN CONVICTIONS FOR IDENTICAL CHARGES.
>
> Supporting FACTS: Eight identical counts in the indictment all stated the following: Lawwill was convicted on eight identical counts of Gross Sexual Imposition (all third degree felonies) (R.C. §2907.05) alleging that the acts occurred between December 28, 1992 to December 27, 1999. This timeframe covered Pre- and Post-S.B. 2 statutes. The Pre-S.B. 2 sentencing statute provided for a penalty of one (1), one and one-half (1 ½) or two (2) years imprisonment. See, R.C. §2929.14. The Post-S.B. 2 sentencing statute provided for 1-5 years imprisonment. See, R.C. §2929.14 (Law effective after July 1, 1996). Lawwill was sentenced to three years on each of the eight

>    counts with Counts 1, 2, and 3 to run consecutive to each other for a
>    total term of imprisonment of (9) nine years.
>
>    GROUND TWO: A DEFENDANT IS DENIED DUE PROCESS OF
>    LAW WHEN A TRIAL COURT OVERRULES A MOTION FOR
>    MISTRIAL AFTER A JUROR DELIBERATELY CONCEALS IN
>    VOIR DIRE THE FACT THAT SHE IS FAMILIAR WITH THE
>    INVESTIGATING DETECTIVE IN THE CASE BECAUSE HER
>    DAUGHTER WAS A SEXUAL ABUSE VICTIM.
>
>    Supporting FACTS: Juror in voir dire denied knowing any
>    participants in the trial including the lead detective in the case. During
>    deliberations, however, the juror revealed that she was familiar with
>    the lead detective in the case because he had investigated a sexual
>    abuse claim brought by her daughter.
>
>    GROUND THREE: A TRIAL COURT MAY NOT MAKE A
>    FACTUAL DETERMINATION AS TO WHICH ACTS IN THE
>    INDICTMENT OCCURRED PRIOR TO JULY 1, 1996 AND
>    WHICH ACTS IN THE INDICTMENT OCCURRED AFTER JULY
>    1, 1996.
>
>    Supporting FACTS: During the time frame presented in the
>    indictment in this case, the criminal sentencing law in the State of
>    Ohio changed. After July 1, 1996, the penalties for third degree
>    felonies became more severe. The Court of Appeals on direct appeal,
>    remanded the case for re-sentencing directing the trial court to make
>    factual determinations as to when the crimes in the indictment took
>    place. No jury determination was made as to when the alleged crimes
>    and the charges in the indictment took place.

   (Petition, Doc. 1.)

Report and Recommendation dated June 3, 2009 (Docket #9) (footnotes omitted).

**Standard of Review for a Magistrate Judge's Report and Recommendation**

   The applicable district court standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to the report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. FED. R. CIV. P. 72(b) provides:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

The text of Rule 72(b) addresses only the review of reports to which objections have been made; it does not indicate the appropriate standard of review for those reports to which no objections have been properly made. The Advisory Committee on Civil Rules commented on a district court's review of *unopposed* reports by magistrate judges. In regard to subsection (b) of Rule 72, the advisory committee stated: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted).

The U.S. Supreme Court stated in *Thomas v. Arn*, 474 U.S. 140, 150 (1985): "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."

## Discussion

The Magistrate Judge recommended that a stay and abeyance be granted. Respondent urged the Court to issue a stay and abeyance because Petitioner's third ground for relief was before the Ohio Supreme Court in *State of Ohio v. Robert Lawwill*, Case No. 2009-0596, and no decision had been rendered. Therefore, Petitioner had not yet exhausted his state remedies. The Petition was, therefore, a mixed Petition, and the Court was required to stay the exhausted claims and dismiss the unexhausted claims to allow Petitioner to exhaust any available state court remedies. *Rhines v. Weber*, 544 U.S. 269 (2005); *Hargrove*

-6-

*v. Brigano*, 300 F.3d 717, 720-21 (6th Cir. 2002).

The Magistrate Judge correctly determined that a stay and abeyance was appropriate, because dismissal of the case without prejudice to allow exhaustion would preclude Petitioner from returning to Federal Court on his first and second grounds for relief, as the one-year statute of limitations as to those claims has expired.  Further, Petitioner has shown good cause for his failure to exhaust; his claims do not appear to be plainly meritless; and, no evidence exists that Petitioner has engaged in any dilatory tactics.

The Magistrate Judge recommended that the stay and abeyance be granted upon the condition that Petitioner file the decision of the Ohio Supreme Court resolving his ongoing appeal within 30 days of entry of final journalization and that Respondent be directed to file a Return of Writ addressing the merits of the Petition, as well has providing copies of all Ohio Supreme Court documents pertinent to Ground Three, within 30 days of entry of final journalization.

No objections were filed to the Report and Recommendation.  Petitioner has since filed the July 1, 2009 Entry of the Supreme Court of Ohio in Case No. 2009-0596 denying Petitioner leave to appeal and dismissing the appeal as not involving any substantial constitutional question.

**Conclusion**

The Court hereby ADOPTS IN PART and MODIFIES IN PART the Report and Recommendation of Magistrate Judge Vecchiarelli (Docket #9.).  The Court agrees with the Magistrate Judge that a stay and abeyance was appropriate.  However, now that the decision of the Ohio Supreme Court has been journalized, Petitioner may proceed with his Petition.

The stay and abeyance is hereby lifted.

Although it was not filed with the Clerk of Courts, Petitioner sent a copy of the decision of the Supreme Court of Ohio to this Court on July 9, 2009, well within 30 days of the Ohio Supreme Court's July 1, 2009 Entry.  Accordingly, as recommended by the Magistrate Judge, Respondent is directed to file a Return of Writ addressing the merits of the Petition, as well as providing copies of all Ohio Supreme Court documents pertinent to Ground Three.

The matter remains referred to Magistrate Judge Vecchiarelli for Report and Recommendation.

IT IS SO ORDERED.

  /s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED:  August 13, 2009